UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC ROMONT HOGAN,

    Petitioner,

v.

MOONEY, et al.,

    Respondents

CIVIL ACTION NO. 1:13-CV-02402

(KANE, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

    The Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the Petitioner, Eric Romont Hogan, on July 1, 2013. (Doc. 1). The petition was originally submitted to the United States District Court for the Eastern District of Pennsylvania, which received and docketed the petition on July 11, 2013. (Doc. 1). The case was subsequently transferred to this Court on September 18, 2013. (Doc. 3). On October 28, 2013, this Court issued an Order to Show Cause pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, directing Hogan to show cause why the petition should not be dismissed without prejudice for failure to exhaust his state court remedies. (Doc. 11). On November 12, 2013, Hogan filed a Motion for a Stay and/or Abeyance of his petition for habeas corpus while he exhausted his state court remedies. (Doc. 12). For the reasons stated herein, the Court recommends that Hogan's Motion for a Stay and/or Abeyance be denied and that the instant petition for a writ of habeas corpus be dismissed without prejudice.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

    Hogan challenges his December 2011 conviction and sentence in the Court of Common Pleas of Luzerne County for burglary, aggravated assault, and lesser included offenses.

*Commonwealth v. Hogan*, Docket No. CP-40-CR-0003847-2010 (Luzerne County C.C.P.). Hogan's conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on February 4, 2013. *Commonwealth v. Hogan*, Docket No. 552 MDA 2012 (Pa. Super. Ct.). He does not appear to have appealed his conviction to the Supreme Court of Pennsylvania, nor does he appear to have filed a PCRA motion or any other petition seeking post-conviction collateral relief. At the time of the filing of this federal habeas petition, Hogan was incarcerated at SCI Coal Township, which is located in Northumberland County, Pennsylvania.

Hogan has asserted claims of ineffective assistance of counsel, both at trial and on appeal. With respect to the latter, the petition alleges that, after the Superior Court affirmed the Hogan's conviction in February 2013, his court-appointed counsel neglected to advise him that he could file a petition for allocatur in the Supreme Court of Pennsylvania, seeking a discretionary direct appeal of his conviction in that court. Ordinarily, a federal court may not entertain a state prisoner's petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). Hogan has not exhausted state remedies with respect to his claim that appellate counsel was ineffective subsequent to the disposition of his direct appeal by the Superior Court of Pennsylvania on February 4, 2013.

II. **DISCUSSION**

The Court does not read the merits of the Hogan's federal habeas petition because he has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b). In order for this Court to address the merits of this habeas petition, all of Hogan's claims must be exhausted. 28 U.S.C. § 2254(b); Coleman v. Thompson, 501 U.S. 722, 731–32 (1991); Slutzker v. Johnson,

393 F.3d 373, 379 (3d Cir. 2004). The district court may grant a petition only if the petitioner has exhausted all available state remedies as to each claim raised in the federal petition. 28 U.S.C. § 2254(b)(1)(A); *Coleman*, 501 U.S. at 731–32; *Slutzker*, 393 F.3d at 379. The principle of exhaustion, requires a petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts … by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Showers v. Beard*, 586 F. Supp. 2d 310, 317 n.3 (M.D. Pa. 2008) (noting that issues presented to the Superior Court of Pennsylvania are considered exhausted). To provide the state courts with a full and fair opportunity, the petitioner must "fairly present" his claims, which means that "a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). The petitioner bears the burden of establishing that all available state remedies have been exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

The instant petition contains both exhausted and unexhausted claims. The petition therefore must be dismissed without prejudice pursuant to the total exhaustion rule stated by the Supreme Court of the United States in *Rose v. Lundy*, 455 U.S. 509 (1982). In *Rose*, the Supreme Court held that when a district court is presented with a petition containing both exhausted and unexhausted claims, it must be dismissed without prejudice in its entirety to allow the petitioner an opportunity to achieve "total exhaustion." *Rose*, 455 U.S. at 522. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that, in some circumstances, rigid enforcement of the total exhaustion rule might result in the petitioner losing the opportunity for any federal review of his claims if the mixed petition is dismissed

without prejudice close to or after the expiration of the AEDPA's one-year statute of limitations. Rhines, 544 U.S. at 274-75. In such cases, Rhines established criteria pursuant to which the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Rhines, 544 U.S. at 277-78.

In this case, Hogan concedes that he has not exhausted his state court remedies, and the Court notes that expiration of the one-year federal limitation period for the claims presented is not imminent. For federal habeas purposes, Hogan's judgment of conviction became final upon the expiration of the time for filing a petition for allocator in the Supreme Court of Pennsylvania on March 6, 2013. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *see also* Pa. R. App. P. 1113(a) (allowing 30 days after entry of a Superior Court order to file an allocator petition). Therefore, the one-year federal limitation period will expire on March 6, 2014, at the earliest. *See* 28 U.S.C. § 2244(d)(1)(A). Moreover, this federal limitation period will be tolled during the pendency of a properly filed PCRA motion in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Brown v. Shannon*, 322 F.3d 768, 775 n.5 (3d Cir. 2003). Hogan is allowed a similar one-year period by the state for filing a PCRA motion in the Court of Common Pleas, which will not expire until March 6, 2014, at the earliest. *See* 42 Pa. Cons. Stat. § 9545(b).

Accordingly, Hogan lacks good cause for his failure to exhaust state court remedies, and a stay of these proceedings is thus inappropriate. *See Rhines*, 544 U.S. at 278. Pursuant to *Rose v. Lundy*, it is recommended that Hogan's petition be dismissed without prejudice to permit him to exhaust his claims in state court. *See Rose*, 455 U.S. at 522.

III. **RECOMMENDATION**

Based on the foregoing, the Court finds that the petition includes claims that are not exhausted. It is therefore recommended that Hogan's motion for a stay (Doc. 12) be **DENIED** and the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**. Finally, Hogan has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

BY THE COURT:

Dated: November 20, 2013

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ROMONT HOGAN,<br><br>    Petitioner,<br><br>v.<br><br>MOONEY, et al.,<br><br>    Respondents | CIVIL ACTION NO. 1:13-CV-02402<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 20, 2013**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: November 20, 2013

                                                                    *s/ Karoline Mehalchick*
                                                                      **KAROLINE MEHALCHICK**
                                                                      **United States Magistrate Judge**